Filed 7/22/22  P. v. Moreno CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER MORENO,<br><br>        Defendant and Appellant. | A164230<br><br>(Lake County Super. Ct. Nos. CR958048 & CR958409) |

Defendant Christopher Moreno pleaded no contest to (1) corporal injury upon the mother of his children within seven years of a previous conviction for the same offense (Pen. Code, § 273.5, subd. (f)(1)) and (2) criminal threats (*id.*, § 422) with the understanding that the terms for the two offenses would be served concurrently and that certain other charges would be dismissed.  In October 2021, the trial court imposed an upper term of five years for corporal injury with a prior conviction and a concurrent upper term of three years for criminal threats.

On appeal, the parties agree defendant is entitled to resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (S.B. No. 567).  We agree with the parties and remand for resentencing.

1

## DISCUSSION

Since defendant was sentenced in 2021, the sentencing law has changed. Effective January 1, 2022, S.B. No. 567 amended Penal Code[1] section 1170, so that an upper term may only be imposed in certain circumstances and the lower term is the presumed term in other circumstances. (§ 1170, subd. (b)(2) and (6).)

Section 1170, subdivision (b)(2), now provides in relevant part, "The court may impose a sentence *exceeding the middle term only* when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and *the facts* underlying those circumstances *have been stipulated to by the defendant, or have been found true beyond a reasonable doubt* at trial by the jury or by the judge in a court trial." (Italics added.)

Section 1170, subdivision (b)(6), now provides in relevant part, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court *shall order imposition of the lower term* if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth . . .," meaning the person was under 26 years old when the offense was committed (§ 1016.7, subd. (b)). (Italics added.)

Here, the trial court imposed upper terms, which now only may be imposed in compliance with section 1170, subdivision (b)(2). In addition, defendant was a youth when he committed the offenses (he was born in

---

[1] Further undesignated statutory references are to the Penal Code.

1996), and defendant reported that he suffered mental and physical abuse from his father. Section 1170, subdivision (b)(6), now requires the trial court to consider whether these circumstances contributed to the commission of the offenses and, if so, the court must impose the lower term unless doing so would be contrary to the interests of justice.

On appeal, defendant seeks remand for resentencing under these new provisions of section 1170. The Attorney General agrees the new provisions enacted by S.B. No. 567 apply retroactively to defendant and that the matter should be remanded for resentencing.[2] We agree with the parties and remand the matter to the trial court for resentencing. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under Penal Code section 1170 as amended by S.B. No. 567].)

## DISPOSITION

The sentence is vacated and the matter is remanded to the trial court to sentence defendant under Penal Code section 1170 as amended by S.B. No. 567.

---

[2] The Attorney General states that because resentencing is warranted under section 1170, subdivision (b), it does not need to address defendant's claim that he is "*entitled* to the presumption of the low term pursuant to section 1170, subdivision(b)(6)(A), because he suffered psychological, physical or childhood trauma that was a contributing factor in the commission of the offense." (Italics added.) ~(RB 6, fn. 3)~ But it is undisputed that defendant is entitled to raise the issue on remand.

                                             _____

                                             Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Mayfield, J.[*]


A164230, *People v. Moreno*

---

[*] Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4